UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| U.S. BANK, N.A.,<br><br>Plaintiff,<br><br>DONALD R. BLEWETT and<br>ROBERT W. BLEWETT,<br><br>Defendants. | Case No. 3:20-cv-00161-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendants' Donald R. Blewett and Robert W. Blewett's (collectively "Defendants") Motion to Transfer Venue. Dkt. 9. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons explained below, the Court DENIES the Motion.

## II. BACKGROUND

On March 30, 2020, Plaintiff, U.S. Bank ("USB"), filed the instant complaint in Idaho Federal District. Dkt. 1. USB's substantive claims are all contract based. But procedurally, the present motion turns on venue.

USB is a publicly held Delaware corporation (Dkt. 7) with its main office in the State of Ohio (Dkt. 1). Defendants are residents of Nez Perce County, Idaho. Dkt. 10. In early 2006, Defendants executed personal guaranties to secure loans issued by USB to 3

B's Land & Gravel L.L.C ("Borrower")—a Washington limited liability company. Dkt. 1. In March of 2006, USB issued loans to Borrower and relied on Defendants' execution of the guaranties. *Id.* On January 26, 2012, Borrower filed a petition for Chapter 11 Bankruptcy, *see In re 3 B's Land Gravel, L.L.C.*, Case No. 12-40392-PBS, with the United States Bankruptcy Court, Western District of Washington. *Id.*

USB alleges that Borrower defaulted on the loans it issued and filed this suit on March 30, 2020, for satisfaction of the guarantees signed by Defendants. On April 30, 2020, Defendants filed a Motion to Transfer Venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §1404 (Dkt. 9) petitioning the Court to transfer this case to the United States District Court for the Eastern District of Washington.

On May 21, 2020, USB filed its opposition (Dkt. 12) to Defendant's Motion arguing the inapplicability of F.R.C.P. 12(b)(3) and reasoning that Idaho has significant connections to this case and the costs and ease of litigating in Idaho favor keeping the case in Idaho.

On June 4, 2020, Defendants replied by reasserting transfer was proper under 28 U.S.C. §1404(a) rescinding its Rule 12(b)(3) argument. Dkt. 13. Defendants also cite *Jones v. GNC Franchising, Inc.* in support of their Motion to Transfer. *Id.*

### III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1391(b)(1) a civil action may be brought in a judicial district in which "any defendant resides, if all defendants are residents of the State in which the district is located." If venue is improper, a defendant may assert a defense under Rule 12(b)(3). If venue is proper, and for convenience to parties and witnesses, a defendant may

motion for a change of venue under 28 U.S.C. § 1404. Under § 1404, a district court may transfer venue of a civil action "to any other district or division where it might have been brought or to any district or division to which all parties have consented" based on the discretion of the District Court.

In *Jones v. GNC Franchising, Inc.*, the Ninth Circuit provided an eight factor analysis the court may consider when determining whether transfer is appropriate: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. 211 F.3d 495, 498-499 (9th Cir. 2000).

## IV. DISCUSSION

The Court will deny Defendants' Motion to Transfer Venue for two primary reasons: (A) because Idaho is a proper venue, and (B) because Defendants' have not made a sufficient showing to warrant upsetting the Plaintiff's choice of forum. The Court will address each issue in turn.

### A. Idaho is a proper venue because Defendants are residents of the State of Idaho.

Under 28 U.S.C. § 1391(b)(1) Idaho is a proper venue because both Donald R. Blewett and Robert W. Blewett are residents of Nez Perce County, Idaho. An F.R.C.P.

12(b)(3) defense only applies if venue is improper. Venue is proper if all defendants are residents of the State in which the district is located. Here, Defendants are residents of the State of Idaho, therefore, venue is proper and a Rule 12(b)(3) motion is inapplicable. Even though venue is proper in the District of Idaho, a party can always motion—as Defendants did here—to change venue to another appropriate form (assuming one exists).

Transfer of venue under 28 U.S.C. § 1404, which presupposes that the case has been brought in the correct forum, is based on the discretion of the Court. The Court considers several factors. *See, e.g., Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (considering convenience to the parties, convenience to the witnesses, ease of access to the evidence, familiarity of each forum to the applicable law, feasibility of consolidation with other claims, and any other practical issues); Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango, 464 F. Supp. 2d 1095, 1098 (D. Colo. 2006) (considering plaintiff's choice of forum; convenience of the witnesses; accessibility of witnesses and other sources of proof; possibility of obtaining a fair trial; and all other factors of a practical nature that make a trial easy, expeditious, and economical).

Idaho is the appropriate venue unless the Defendants can show inconveniences that significantly favor transfer from the Plaintiff's choice of forum. *See Decker*, 805 F.2d at 843 (holding that moving party must make strong showing of inconvenience to warrant upsetting Plaintiff's choice of forum). The Court next turns to Defendants' arguments in favor of transferring this case to the Eastern District of Washington.

### B. Defendants' have not made a sufficient showing to warrant upsetting the Plaintiff's choice of forum.

Upon review, the Court finds that Defendants have not made a sufficient showing of inconvenience to warrant upsetting USB's choice of forum.[1] In their moving papers, Defendants argue that (1) Plaintiff negotiated a valid forum selection clause into the guarantee contract, (2) that the operative facts of this case occurred exclusively within the State of Washington, and (3) witnesses reside in the State of Washington.

In *Jones v. GNC Franchising, Inc.*, the Defendant sought to either dismiss or transfer venue under 28 U.S.C. §§ 1404 and 1406, arguing that their agreement contained a forum selection clause dictating a different forum than that selected by the plaintiff. 211 F.3d, at 496. The Ninth Circuit first determined that it is the movant's burden to demonstrate why the other forum is "clearly" a more appropriate forum for the action that the one selected. *Id.* at 499. The Circuit then enumerated the eight aforementioned factors and added that a forum selection clause is a "significant factor" in the Court's § 1404 analysis. *Id.*

A forum selection clause is a significant factor in determining venue because it represents a contractual agreement between the parties. While there is a forum selection clause at issue in this case it is a permissive forum selection clause and, therefore, does not exclude USB from choosing Idaho as a proper venue.

The personal guarantees executed by Defendants in this case contained a clause that

---

[1] Defendants are correct that a Plaintiff's choice of forum does not end the Court's inquiry, but Defendants are incorrect in asserting it should be "afforded little weight." Dkt. 13, at 3. As the caselaw cited illustrates a Plaintiff's forum choice is one of many considerations which bears on the Court's analysis. *See also, Newell v. Farm Bureau Mut. Ins. Co. of Idaho*, No. 1:17-CV-277-DCN, 2017 WL 6028337, at *5 (D. Idaho Dec. 5, 2017).

MEMORANDUM DECISION AND ORDER – 5

expressly bound them to litigating disputes in the jurisdiction where the loan originated if USB filed in that jurisdiction. Dkt. 1, at 9. This provision clearly outlines that "Nothing herein shall . . . limit the Bank's right to bring proceedings against the [Defendants] in the competent courts of *any other jurisdiction* or jurisdictions." *Id*. (emphasis added). Said differently, a defendant is bound to litigate wherever a loan originates or wherever USB files—USB, however, is not. USB is not bound because such language, which does not identify a specific forum, allows USB to file a suit in any court that is able to exercise personal jurisdiction over a defendant. Defendants admit they are residents of the state of Idaho. Dkt. 10, at 2. Accordingly, the Court has personal jurisdiction over them.

The Court has also weighed each of the eight factors outlined in *Jones*—individually and collectively—and concludes that Defendants have failed to clearly show the U.S. District Court for the Eastern District of Washington is a more appropriate forum for this action.

For example, the location where the relevant agreements were negotiated and executed undoubtedly illustrates where the transactions occurred, but Defendants' analysis needs to go beyond that and show why the location was crucial to the negotiations to weigh in favor of transfer. In like manner, Defendants' argument regarding the availability of the compulsory process to compel attendance of unwilling non-party witnesses—an inconvenience to the entire judicial system and an obstacle indeed—neglects to go beyond convenience and persuade the Court that transfer is vital to the outcome of the case. It is a defendant's burden to show that the balance of conveniences profoundly favors

transfer. Profoundly favors meaning a factor or factors that overwhelmingly supports either party's argument.

Each point the Defendants raised in the eight-factor analysis shows that the Eastern District of Washington is a *possible* forum, but not a more appropriate forum than Idaho. Although the Court is not generally opposed to changing venue (when necessary), the Court finds no compelling reason to overwhelmingly support a transfer in this case. By all accounts, it appears that changing venue to the Eastern District of Washington would merely shift, rather than eliminate, any inconvenience. Such a transfer of venue is not appropriate under the circumstances.

In conclusion, under 28 U.S.C. § 1404, Idaho is the appropriate venue for this action. The forum selection clause contained in the guarantee's contract does not mandate otherwise. Finally, Defendants have failed to show inconveniences that significantly favor transfer from the plaintiff's choice of forum. For all of these reasons Defendants motion is DENIED.

## IV. ORDER

The Court HEREBY ORDERS:

1. Defendant's Motion for Transfer of Venue (Dkt. 9) is DENIED.

DATED: June 19, 2020

David C. Nye
Chief U.S. District Court Judge